IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| TOBY LAWRENCE MONTGOMERY, No. 02319248, | § § § | |
| Petitioner, | § § | |
| V. | § § | NO. 7:23-CV-022-O |
| DIRECTOR, TDCJ-CID, | § § § | |
| Respondent. | § § | |

**OPINION AND ORDER**

Toby Lawrence Montgomery has filed a petition under 28 U.S.C. § 2254. The Court, having considered the petition, the response, the record, and applicable authorities, concludes that the petition should be **DENIED**.

**I.   BACKGROUND**

Petitioner is serving a term of imprisonment of fifteen years following his conviction for possession of cocaine in an amount less than one gram in a drug free zone, a third-degree felony, under Cause No. 61,130-C in the 89th Judicial District Court, Wichita County, Texas. ECF No. 11-2 at 30–32.

On June 27, 2022, Petitioner filed his state application for writ of habeas corpus. ECF No. 11-1 at 4–27. On August 31, 2022, the Court of Criminal Appeals of Texas denied his application without written order. ECF No. 11-3 (Action Taken).

On December 13, 2022, Petitioner filed his federal application. ECF No. 1. Petitioner does not challenge his conviction or sentence. Rather, he alleges that his parole eligibility date is not

1

being calculated correctly. *Id.* at 6.

## II.     APPLICABLE LEGAL STANDARDS

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002) (*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence). A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may infer fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433

(1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**III.   ANALYSIS**

There are two ways in which a prisoner becomes eligible for release in Texas: parole and mandatory supervision. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Parole is wholly within the discretion of the parole board. *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). In other words, there is no constitutional expectancy of parole in Texas, because whether an inmate will be released on parole is entirely speculative. *Bd. of Pardons v. Allen*, 482 U.S. 369, 378 n.10 (1987) (citing *Williams v. Briscoe*, 641 F.2d 274, 276–77 (5th Cir. Unit A 1981)); *Madison*, 104 F.3d at 768. Further, since a prisoner "has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Allison v Kyle,* 66 F.3d 71, 74 (5th Cir. 1995) (quoting *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995)). Thus, the petition here does not state a claim upon which relief can be granted. Moreover, and in any event, Petitioner has not shown by clear and convincing evidence that the decision of the state habeas court is not correct. The plain language of the statute cited by Plaintiff reflects that he is not eligible for release on parole until his "actual calendar time served, without consideration of good conduct time, equals five years." TEX. GOV'T CODE § 508.145(e).

IV.     **CONCLUSION**

For the reasons discussed, the Court **DENIES** the relief sought in movant's motion under § 2254.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **29th day** of **June, 2023**.

                                                          _____
                                                          Reed O'Connor
                                                          **UNITED STATES DISTRICT JUDGE**